In the Matter of GEORGE R. OSBORNE, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 25, 1974.

*John G. Bonomi* of counsel (*Saul Friedberg* and *Ronald Eisenman* with him on the brief), for petitioner.

*Harold D. Romanow* for respondent.

*Per Curiam.* Respondent was admitted to practice in the Second Judicial Department on June 22, 1960. He has a background in community and elective political service and was an instructor and assistant professor in the Government Departments of Columbia and Rutgers Universities.

After a brief period of law practice he was appointed as the salaried Chief Counsel of the Co-ordinating Committee on Discipline* and served in such capacity from February 1, 1969 to March 31, 1971. The conditions of employment precluded respondent from engaging in private practice, with the possible exception of minor matters involving no conflict with the committee's work.

The charges against respondent stem from his acceptance, while so employed as Chief Counsel to the Co-ordinating Committee, of $1,000 from a complainant to investigate allegations of professional misconduct by four attorneys who had previously represented such complainant in certain real estate matters; his acceptance of a retainer to represent the complainant

---

* During the period of respondent's tenure as Chief Counsel, the Co-ordinating Committee on Discipline (consisting of three members designated by the Bronx County Bar Association, the New York County Lawyers Association and the Association of the Bar of the City of New York) had concurrent jurisdiction with the Committee on Grievances of petitioner, the Association of the Bar of the City of New York, in investigating and prosecuting charges of professional misconduct involving attorneys in the First Judicial Department. By order of this court, entered July 11, 1972, the two legal staffs were, in effect, consolidated under the Chief Counsel of the Grievance Committee.

in a separate, private matter; and his failure to co-operate with petitioner's Committee on Grievances in its investigation of the charges above referred to.

Lengthy hearings were held before the Referee who found sufficient evidence adduced to sustain some, but not all, of the charges preferred. The most serious findings were that respondent exploited his office as Chief Counsel to further and advance his private practice; and that he did receive two cash payments of $500 each for the performance of investigative functions, some of which were within the purview of his duties as such Chief Counsel.

Respondent vigorously denied any wrongdoing. He asserted before the Referee, and contends in opposition to the instant motion to confirm, that his representation of complainant was understood by all involved to relate solely to a private legal matter and that the investigation of the attorneys arose only after perusal of complainant's papers indicated some basis therefor. In such connection, respondent notes that he only held an informal interview with one attorney and concluded that there was no evidence of his professional misconduct; that he adjourned, *sine die,* a requested interview with another attorney after being informed that a Grievance Committee investigation of said attorney was still open; and that no contact, written or oral, was had with any other lawyer mentioned by the complainant.

The Referee's conclusion that the credible evidence established serious charges of professional misconduct finds support in the record and his report is confirmed.

In light of the gravity of the sustained charges and the sensitive and semi-official nature of respondent's position at the time of such misconduct, we would, were it not for the findings and recommendation of the Referee, and certain mitigating factors disclosed by the record, disbar the respondent. The Referee noted respondent's past community and academic service and his limited law practice experience; found him to be " a very intelligent, presentable and cultured lawyer, who permitted himself [to become involved in the instant predicament which] must have taught him a lesson [that] is not apt to be repeated "; and concluded with the observation that " [i]n actuality respondent's misconduct hurt no one but himself, at worst it reflected poorly upon the position which he had undertaken to fill."

The Referee's recommendation, predicated on his first-hand opportunity to observe and judge the witnesses and the testi-

mony before him is, of course, entitled to due weight. Accordingly, we have determined that respondent should be suspended from practice for a period of three years and until the further order of this court.

NUNEZ, J. P., KUPFERMAN, MURPHY, LUPIANO and STEUER, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of three years, effective July 25, 1974.